IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| LORENZO BURNS, | ) | |
| Register No. 1015445, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4117-CV-C-SOW |
| | ) | |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On July 27, 2005, defendants Corum, Dormire, Gallaway, Wood, James, Wilhite and Martin filed a motion for judgment on the pleadings for plaintiff's failure to state a claim for which relief can be granted. Plaintiff responded in opposition to the motion. The claims against defendants Martin, James, and Corum were dismissed on August 29, 2005, and so are no longer an issue in the pending motion.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984); *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993).

In his complaint, plaintiff asserts that defendants were deliberately indifferent to his health and safety needs. Plaintiff was bitten on two occasions, nine days apart, by poisonous spiders. He claims the spiders entered his cell through a substantial hole in the outside wall. Plaintiff acknowledges he received medical care, which included cutting into the bites and

draining them, and regular dressing changes thereafter. He states he continues to have problems from the bites and that the spider bites were serious.

His claims a constitutional violation because defendants placed him back in the cell or kept him there after he was bitten. He says he notified corrections personnel of his bite and of the hole in the wall on numerous occasions after the first bite and he asked to be moved to another cell or to have the problem fixed. He states that his cell and the wall outside of the cell were not sprayed with an insecticide and the hole was not patched.

Defendants seek dismissal on a variety of grounds, including lack of personal involvement, the doctrine of respondeat superior, lack of conspiracy, various immunities and a lack of a constitutional violation.

In response to defendants' motion, plaintiff states defendant Wilhite was responsible for plaintiff's housing assignment and kept him in the cell even after he knew of the problems. Likewise, plaintiff claims that defendant Gallaway actually knew of the conditions, did not take steps to alleviate them, and signed plaintiff's informal resolution request. Thus, plaintiff has alleged the personal involvement of these two defendants, the claims are not based upon their supervisory positions and a claim has been stated. At this stage, the court cannot say that plaintiff can prove no set of facts in support of his claims against these defendants, and judgment on the pleadings does not appear warranted.

Plaintiff's claims against defendants Dormire and Wood, however, will be recommended dismissed. The documents submitted with plaintiff's original complaint show that defendant Wood signed plaintiff's grievance as superintendent on October 4, 2004. A superintendent's response was issued on September 29, 2004, but it does not indicate who wrote it. Plaintiff sought medical attention and reported his spider bites on August 9 and 17, 2004. He states he was kept in the cell until Jefferson City Correctional Center opened on September 15, 2004. Thus, it does not appear that defendant Wood was aware of the conditions of plaintiff's cell during the time that plaintiff was there.

Throughout his response, plaintiff states defendants Dormire and Wood are being sued because they were superintendents responsible for the institution or who supervised the officers under them. He does not allege any personal involvement by defendant Dormire during the time

2

plaintiff was in the cell or set forth any facts showing Dormire had actual knowledge of the conditions or perceived a serious risk at a time when he could have taken corrective action.

A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. *Boyd*, 47 F.3d at 968; *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990).

In this case, there are no allegations setting forth facts which even suggest that defendants Dormire and Wood actually knew of the conditions of the cell and of plaintiff's spider bites during the time plaintiff was in the cell and that they authorized those conditions or failed to take corrective action.

Although defendants have also sought dismissal based upon immunities and state law issues, the court does not find those grounds to be persuasive with respect to defendants Wilhite and Gallaway. Plaintiff's claims were brought under 42 U.S.C. § 1983, and the court does not believe claims for recovery under state law are included in the complaint and amended complaint.

Defendants further seek dismissal based upon qualified immunity. Entitlement to qualified immunity is a question of law to be determined by the trial court. *McIntosh v. Arkansas Republican Party*, 856 F.2d 1185, 1186 (8th Cir. 1988); *Warren v. City of Lincoln*, 816 F.2d 1254 (8th Cir. 1987). Government employees are protected from suit by qualified immunity unless their conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). In *Saucier v. Katz*, ___ U.S. ___, 121 S. Ct. 2151 (2001), the court set forth a two-part analysis to be used when determining whether defendants are entitled to qualified immunity. The threshold question is "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" The next step is to ask whether "the right was clearly established . . . in light of the specific context of the case." The court goes on to explain that "[t]he question is what the officer reasonably understood his powers and responsibilities to be, when he acted, under clearly established standards."

Here, the law was well established that plaintiff was constitutionally entitled to be housed in a cell that did not pose an excessive risk of harm to plaintiff's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, ___, 114 S. Ct. 1970, 1979 (1994). At this stage of the proceedings, there are too many unknown facts regarding the seriousness of the risk, the extent of the infestation, and the knowledge of defendants both before and after plaintiff was bitten. Thus, dismissal on the basis of qualified immunity is not warranted.

A review of the docket sheet indicates that defendant Jackson was served with process on October 4, 2005, but an answer or other response has not been filed. Plaintiff has not been provided with defendant Jackson's address and it does not appear that any pleadings other than the complaint and summons have been served on him.

Defendant Jackson needs to respond to the complaint and provide the court with an address at which plaintiff may serve pleadings. The pleadings should be served on counsel if an attorney enters an appearance on Jackson's behalf.

Plaintiff has requested the clerk's office to provide copies to defendants of his discovery documents filed with the court. The discovery documents submitted by plaintiff were filed in plaintiff's case via the court's electronic case filing system. Pursuant to such system, defendants should have received notice and access to such filings, which were docketed as certificates of service. For future purposes, however, plaintiff is advised that, pursuant to Local Rule 26.4, discovery documents should not be filed with the court, except upon order of the court. Discovery should only be served upon opposing counsel and any parties who are unrepresented by counsel. However, a certification of service of such documents should be filed with the court.

Accordingly, it is

ORDERED that the clerk's office forward to plaintiff a copy of the electronic case file docket sheet for his case. It is further

ORDERED that within twenty days, defendant Jackson answer the complaint and provide the court with an address at which plaintiff may serve his pleadings if counsel has not entered an appearance. It is further

ORDERED that the clerk of court mail a copy of this report, recommendation and order to defendant Jackson at the address at which service of process was made. It is further

4

RECOMMENDED that defendants' motion of July 27, 2005, for judgment on the pleadings and to dismiss the claims against defendants Dormire and Wood be granted and against defendants Gallaway and Wilhite be denied. [24]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 12th day of December, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge