IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

LORENZO BURNS, Register No. 1015445,    )
                                        )
                    Plaintiff,          )
                                        )
            v.                          )   No. 05-4117-CV-C-SOW
                                        )
DAVE DORMIRE, et al.,                   )
                                        )
                    Defendants.         )

**REPORT, RECOMMENDATION AND ORDER**

      Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

      On December 27, 2005, defendant Jackson filed a motion to dismiss or for judgment on the pleadings, and incorporated therein the suggestions filed by the other defendants on July 27, 2005. Plaintiff responded in opposition to defendant Jackson's motion and claims Jackson, as the Functional Unit Manager, had first-hand knowledge of the incidents where plaintiff was bitten by poisonous spiders.

      The legal standard and relevant law was set forth in the Report, Recommendation and Order entered on December 12, 2005, and is applicable to the motion currently before the court. Plaintiff alleges in his complaint that defendant Jackson was the Functional Unit Manager and responded to his informal resolution request. Plaintiff states in other documents he submitted that Jackson told him Wilhite was responsible for cell assignments and his request would be forwarded to Wilhite for consideration. Plaintiff does not state Jackson actually saw the opening in the wall or plaintiff's spider bites.

      Plaintiff's informal resolution request acknowledges he received medical treatment for both spider bites. By the time defendant Jackson responded to plaintiff's request for "a transfer to a cleaner environment institution" and to learn who was responsible so that charges could be

brought, the bites were at least two weeks old and medical treatment had been received. The court notes that plaintiff was transferred to a new institution on September 15, 2005, which was a little less than two weeks after Jackson responded to the request. The court takes judicial notice of the fact that the old institution (Missouri State Penitentiary) was closed and all inmates were moved to the new facility (Jefferson City Correctional Center) around that time.

Thus, plaintiff's allegations against defendant Jackson appear to be based upon his supervisory capacity and because he responded to plaintiff's informal resolution request. Accordingly, for these reasons and those set forth in the recommendation entered on December 12, 2005, with respect to defendants Dormire and Wood, defendants' motion is recommended granted.

On December 7, 2005, defendants filed a motion for an extension of time of thirty days to respond to plaintiff's discovery requests. A review of the docket sheet shows a certificate of service on January 20, 2006, which indicates the responses have been served. Thus, the motion is moot.

On December 27, 2005, plaintiff filed a motion for leave to amend his complaint to add a party. Plaintiff asserts he forgot to add a party who had actual knowledge of the incident and that Stanley Swicord was the caseworker who first investigated plaintiff's informal resolution request.

While Fed. R. Civ. P. 15 states that leave to amend shall be freely given when justice so requires, the Court does not believe it is required in this case. Plaintiff submitted grievance documents with his original complaint that included the name of Stanley Swicord. Plaintiff knew of Swicord's involvement at the time he filed his complaint and should have been reminded of Swicord's involvement when he reviewed those documents for submission to the court. Further, plaintiff was previously granted leave to amend his complaint. Thus, he has not shown good cause why he did not include Swicord at that time. This case was filed in May 2005 and a substantial number of pleadings have been filed. The case needs to move forward and an amendment to add a party is not warranted.

On January 23, 2006, defendants filed a motion for an extension of time to conduct discovery and to file dispositive motions. Defendants request that the deadline be set for September 18, 2006. The parties will be given additional time to conduct discovery and to file

dispositive motions, but not the amount of time requested. The issues in this case are not complex and the parties should be able to complete discovery within ninety days and to file dispositive motions shortly thereafter. Accordingly, it is

ORDERED that discovery is extended until May 1, 2006, and dispositive motions are due no later than June 1, 2006. [65] It is further

ORDERED that plaintiff's motion of December 27, 2005, for leave to amend to add a defendant is denied, without prejudice [58]. It is further

ORDERED that defendants are granted leave to serve, out-of-time, their discovery responses to the requests submitted by plaintiff in late October or early November, and their motion for an extension of time of thirty days is denied as moot [53]. It is further

RECOMMENDED that defendant Jackson's motion of December 27, 2005, to dismiss or for judgment on the pleadings be granted and plaintiff's claims against defendant Jackson be dismissed [60].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. *See* L.R. 74.1.

Dated this 2nd day of February, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3